Charles Wohlrab, Esq.
**FRIEDMAN VARTOLO LLP**
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
Attorneys for SN Servicing Corporation as Servicer for U.S. Bank Trust National Association, as Trustee of LB-Igloo Series IV Trust
T: (212) 471-5100
F: (212) 471-5150
Bankruptcy@FriedmanVartolo.com

**Order Filed on February 25, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------X

| | |
|---|---|
| IN RE: | CASE NO.: 25-10323-JNP |
| Daniel Torres, | CHAPTER 13 |
| Debtor. | Judge: Jerrold N. Poslusny, Jr. |

-----------------------------------------------------------X

### CONSENT ORDER RESOLVING CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The provisions set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

**DATED: February 25, 2025**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

| | |
|---|---|
| Debtors: | Daniel Torres |
| Case No.: | 25-10323-JNP |
| Caption of Order: | CONSENT ORDER RESOLVING CREDITOR'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN |

THIS MATTER having been brought before the Court by Andrew Thomas Archer, Esquire, attorney for Debtor, Daniel Torres, upon filing of a Chapter 13 Plan (Doc.: 3); and Creditor, SN Servicing Corporation as Servicer for U.S. Bank Trust National Association, as Trustee of LB-Igloo Series IV Trust, by and through its attorneys, Friedman Vartolo, LLP, having objected to said Chapter 13 Plan; and the Court noting the consent of the parties to the form, substance, and entry of the within Order; and for good cause shown, it is hereby

**IT IS HEREBY ORDERED** as follows:

1. Secured Creditor agrees to a specified period of time to allow Debtor an opportunity to submit a Loss Mitigation application in connection with the mortgage loan secured by the real property located at 540 Diamond Spring Avenue, Lawnside, NJ 08045.

2. Debtor must submit a complete loss mitigation package to Secured Creditor by March 1, 2025. If the Debtor fails to submit a complete loss mitigation package by March 1, 2025, Secured Creditor may file a Certification of Default of this Order to terminate the automatic stay as to its interest in the aforementioned real property.

3. If the Debtor fails to obtain a loan modification by August 1, 2025, Debtor shall be required to file a Modified Chapter 13 Plan to fully cure Secured Creditor's pre-petition arrearages with remaining Chapter 13 Plan proceeds or otherwise satisfy Secured Creditor's pre-petition arrearages claim. Failure to file a satisfactory Modified Chapter 13 Plan within fourteen (14) days of the conclusion of the loss mitigation review shall entitle Secured Creditor to file a Certification of Default of this Order to terminate the automatic stay as to its interest in the aforementioned real property. If the loss mitigation review remains pending, Debtors and/or Secured Creditor may submit an Application to this Court to extend the August 1, 2025 deadline referenced in this paragraph.

4. Starting February 1, 2025, Debtor agrees to maintain regular monthly payments to Secured Creditor until completion of the Loss Mitigation review. If the Debtor fails to make any regular mortgage payment(s) within thirty (30) days of the due date, Secured Creditor may file a Certification of Default of this Order to terminate the automatic stay as to its interest in the aforementioned real property.

5. Secured Creditor's Objection to Confirmation of Plan (Doc.: 13) is hereby resolved by this Order.

6. This Order shall be incorporated in and become part of any Order Confirming Plan in the herein matter.

The undersigned hereby consent to the form and entry of the within Order:

Date:  2/24/2025

/s/ Charles Wohlrab
Charles Wohlrab, Esquire
Friedman Vartolo, LLP
*Counsel for Creditor*

Date:  2/13/25

Andrew Thomas Archer, Esquire
Brenner Spiller & Archer
*Counsel for Debtor*